An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-777

Filed 20 August 2025

Surry County, No. 23JT000067-850

IN RE:

I.E.R.S., A Minor Juvenile.

Appeal by respondent-appellant-father from order entered 7 May 2024 by Judge Gretchen H. Kirkman in Surry County District Court. Heard in the Court of Appeals 20 March 2025.

> *Chadwick D. Casstevens for petitioner-appellee-mother. No brief filed.*
>
> *Deputy Parent Defender Annick Lenoir-Peek, for respondent-appellant-father.*
>
> *Stevens & Brintle, PLLC, by Zackary Smith Brintle, for appellee-Guardian ad Litem. No brief filed.*

GORE, Judge.

Respondent-father appeals the order terminating his parental rights of I.E.R.S. Specifically, respondent-father argues the trial court erred by determining grounds exist to terminate his parental rights pursuant to N.C.G.S. §§ 7B-1111(a)(1), (a)(7). Upon review of the brief and the record, we affirm the trial court's order.

**I.**

Respondent-father and petitioner-mother were married in 2013, after living together for seven years, and separated in 2014. Respondent and petitioner had one child together, I.E.R.S. I.E.R.S. only resided with petitioner-mother after the separation in 2014. I.E.R.S. now resides with both petitioner-mother and petitioner-mother's husband. Apart from a restraining order obtained in 2016, and valid until 2017, respondent-father was able to visit with I.E.R.S. Respondent-father testified he last visited with I.E.R.S. in August 2018 and regularly visited with her until that date. Petitioner-mother moved addresses multiple times after his last visit in August 2018.

Respondent-father testified at the termination hearing that during the five years leading up to the termination hearing he had no way to contact I.E.R.S. He further testified he attempted to contact petitioner-mother to arrange visits with I.E.R.S. Petitioner-mother testified she did not prevent respondent-father from coming to her house, nor did she block him from calling her. In 2021, petitioner-mother sought a divorce from respondent-father and included her home address in the pleadings. Respondent-father did not go to court for any of the divorce proceedings and did not communicate with petitioner-mother. In July 2023, respondent-father went to petitioner-mother's house and left a note on the door. Petitioner-mother contacted respondent-father and respondent-father sent one text message, but there was no further communication from respondent-father. Respondent-father testified that respondent-mother told him she would call law

enforcement on him if he attempted to return to their house. Respondent-father has not requested custody, visitation, or child support with the court. Respondent-father admits he has not sent any gifts or financial support for I.E.R.S.

Petitioner-mother filed a petition for termination of respondent-father's parental rights of I.E.R.S. in September 2023. At the termination hearing, the trial court found grounds of abandonment and neglect existed to terminate respondent-father's parental rights pursuant to N.C.G.S. §§ 7B-1111(a)(1), (a)(7). The trial court terminated respondent-father's parental rights after determining it was in the best interest of I.E.R.S. during the disposition. Respondent-father timely appealed the termination order.

## II.

Respondent-father appeals of right pursuant to N.C.G.S. §§ 7A-27(b)(2), 7B-1001(a)(7). Respondent-father argues the trial court erred by determining grounds existed to terminate his parental rights under sections 7B-1111(a)(1) and 7B-1111(a)(7). Respondent-father argues the evidence does not support the trial court's findings of facts and that the trial court improperly determined grounds existed because he did not willfully abandon I.E.R.S. "We review a trial court's adjudication of grounds to terminate parental rights to determine whether the findings are supported by clear, cogent and convincing evidence and the findings support the conclusions of law. The trial court's conclusions of law are reviewable de novo on appeal." *In re R.L.D.*, 375 N.C. 838, 840 (2020) (internal quotation marks and

citations omitted). "If either of the two grounds is supported by findings of fact based on clear, cogent and convincing evidence, the order appealed from should be affirmed." *In re T.N.H.*, 372 N.C. 403, 412 (2019) (cleaned up).

Respondent-father challenges multiple findings of fact in the adjudication order. "Findings of fact not challenged by respondent are deemed supported by competent evidence and are binding on appeal. Moreover, we review only those findings necessary to support the trial court's determination that grounds existed to terminate respondent's parental rights." *Id.* at 407 (citations omitted). Accordingly, we only consider the challenged findings of fact that are necessary to support the trial court's conclusions of law.

The trial court found the following unchallenged facts to support the adjudication grounds:

> 4. The minor child has lived with the petitioner her entire life. The minor child is presently residing in Surry County, North Carolina. The minor child has resided in Surry County, North Carolina for at least two and [a] half years prior to the filing of the petition to terminate the parental rights of the Respondent.
>
> 5. The respondent father was properly served with the petition and noticed for hearing. The respondent father was present for the hearing.
> . . .
>
> 9. The juvenile has resided with the petitioner her entire life and since the parties separated.
> . . .
>
> 11. The Petitioner and Respondent were married in 2013 and separated in 2014.

12. A restraining order was entered against the Respondent and on behalf of the petitioner in 2016 and expired in 2017. After the restraining order expired the Respondent/father had some contact with the juvenile.

. . .

14. In July 2023 the Respondent appeared at the petitioner's home and left a note on the door. The respondent knew where the petitioner and the juvenile were residing. When he left the note, he did not leave any money to help support the child or leave the child any gifts. After the respondent left the note, the petitioner contacted him. The Respondent texted the petitioner once and the petitioner has not heard from him since.

. . .

22. The Respondent father is not currently under an order to pay child support. The Respondent has never paid any money to support the minor child since the parties separated in 2014. The respondent has not filed a court pleading requesting the court to enter a court order of child support.

23. The Respondent has not given a birthday gift to the juvenile since the parties separated. The juvenile celebrates the Christmas holiday, and the Respondent has not given a Christmas gift to the juvenile since the parties' celebration. The Respondent knows the juveniles birth date and knows she celebrates Christmas.

. . .

25. The Respondent has a son, which is the juvenile's half-brother. The juvenile and her brother communicated with each other in 2022 on Snapchat. When they communicated the Respondent communicated with the juvenile. He has not communicated with her since[,] on snapchat or her phone[,] nor has he attempted to.

26. The respondent has worked off and on for 7 years prior to trial and had the ability to pay some support to the petitioner for the minor child but has not and has not attempted to pay any support. Th[is] has been willful on the part of the Respondent.

27. In 2021 the petitioner served the defendant with a Divorce Complaint. The petitioner's address was included. The Respondent did

not reach out to communicate with her. The Respondent did not file an Answer and Counterclaim then seeking custody/visitation of the minor child or an order establishing child support.

28. The Respondent has never filed a pleading requesting custody/visitation of the minor child or requesting that a child support order be entered.
. . .

30. The respondent father's family do not have a relationship with the minor child, nor have they offered support for the minor child. They have not given anything to the minor child on behalf of the respondent father in over five years.
. . .

38. The petitioner has been the sole caretaker for the minor child tending to all her educational, physical, medical, and emotional needs. The respondent has not contributed in any way to help the petitioner.

39. This court has jurisdiction to hear and determine this petition to terminate the parental rights of the respondent father pursuant to [N.C.G.S. §] 7B-1101. The minor child resides in Surry County, North Carolina.

Respondent-father challenges findings 7, 8, 32, and 35 as conclusions of law rather than findings of fact. Respondent-father challenges findings 13, 15–18, 19, 21, 24, 29, 31, and 33–37 as unsupported by the evidence. However, we do not address these challenged findings, because the unchallenged findings are sufficient to support the trial court's determination.

The trial court determined the findings supported termination on the ground of abandonment pursuant to section 7B-1111(a)(7). Section 7B-1111(a)(7) states, "The court may terminate the parental rights upon a finding [t]he parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the

filing of the petition or motion[.]" N.C.G.S. § 7B-1111(a)(7) (2023). "Abandonment implies conduct on the part of the parent which manifests a willful determination to forego all parental duties and relinquish all parental claims to the child." *In re C.B.C.*, 373 N.C. 16, 19 (2019) (citation omitted). "If a parent withholds that parent's presence, love, care, the opportunity to display filial affection, and willfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child." *Id.* (cleaned up). If the respondent does "nothing to maintain or establish a relationship with [the juvenile] during the determinative six-month period," then any efforts made outside of that window of time "will not preclude a finding that he willfully abandoned [the juvenile] pursuant to [section] 7B-1111(a)(7)." *Id.* at 23.

The unchallenged findings that are binding on appeal support the trial court's conclusion respondent-father willfully abandoned I.E.R.S. pursuant to section 7B-1111(a)(7). Respondent-father argues he could not provide financial support, gifts, or communicate with I.E.R.S. because he did not know her address and because petitioner-mother prevented him from having contact with I.E.R.S. Yet the unchallenged findings demonstrate he at least knew I.E.R.S.'s address for longer than the six months preceding the filing of the petition but did not reach out to her apart from one note left at I.E.R.S.'s home address and a text response to petitioner-mother. The findings also state he had the ability to pay some support and willfully withheld

support. Respondent-father did not seek custody or visitation through the court, and has not tended to I.E.R.S.'s physical, educational, medical, or emotional needs.

Accordingly, the unchallenged findings support the trial court's conclusion that grounds for termination exist pursuant to section 7B-1111(a)(7). We do not consider respondent-father's challenge to section 7B-1111(a)(1) because, as previously stated, one ground for termination is sufficient to support the termination of parental rights. Therefore, we affirm the trial court's order terminating respondent-father's parental rights.

## III.

For the foregoing reasons, we conclude the trial court properly determined a ground existed for termination of respondent-father's parental rights pursuant to section 7B-1111(a)(7).

AFFIRMED.

Judges HAMPSON and MURRY concur.

Report per Rule 30(e).